UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES OJIH OJI,

               Plaintiff,

        v.

NEW YORK CITY POLICE
DEPARTMENT,

               Defendant.

12 Civ. 7342

**OPINION**

---

*Pro se* plaintiff Charles Ojih Oji brings this action under 42 U.S.C. § 1983. He alleges that the City of New York violated his constitutional rights when New York City police officers harassed him on five separate occasions between December 2010 and June 2012.

The City moves to dismiss the complaint, contending that Oji has failed to state a claim for which relief can be granted. The motion to dismiss is granted.

## The Complaint

Oji's claim arises out of five incidents where he alleges that he was harassed by police officers. First, he alleges that at some time between January 2011 and April 2011, as he was exiting a subway train, an unnamed police officer "blocked and pushed" Oji's shoulder.

1

Second, he alleges that on November 3, 2011, while he was "harmlessly preaching about Jesus Christ" on a subway train, an NYPD Lieutenant named Clifford forced him to get off the train. He alleges that this officer called an ambulance and had him taken to the hospital for a psychiatric evaluation, even though the paramedics allegedly said that there was no reason for Oji to be hospitalized. Oji alleges that the officer sent him to the hospital because he did not like Oji's preaching. As a result of the officer's order, Oji claims that he was detained for more than two hours and incurred costs for the ambulance and psychiatric examination.

Third, Oji alleges that on November 16, 2011, he was preaching in the Police Department's 23rd Precinct station when an unnamed officer threatened him and escorted him out of the station.

Fourth, he alleges that on December 10, 2011, a female officer named Rios and an officer named Lee threatened and harassed him while Oji was preaching in the 42nd Street subway station, near the Port Authority Bus Terminal. He said that Officer Lee was cursing and then began yelling at Oji for cursing. Oji alleges that Officer Lee said, "Curse one more time and you will see what I can do to you."

Fifth, he alleges that on February 2, 2012, six to nine police officers entered the subway car in which Oji was riding. He alleges that one of the officers came and stood near him and then put on black gloves. A second officer then allegedly came and stood near Oji, and this officer also put on

2

black gloves.  Oji claims that these officers' behavior was intended to harass and threaten him.

Based on these incidents, Oji claims that the New York City Police Department violated his constitutional rights.  Because the Police Department is not an entity that can be sued under § 1983, on January 2, 2013, the court ordered that the complaint be amended to reflect a suit against the City of New York based on Oji's allegations.

## Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead sufficient facts to state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In deciding a motion under Rule 12(b)(6), a court must accept as true the facts alleged in the complaint.  Id.  A *pro se* plaintiff "is entitled to a particularly liberal reading" of his complaint.  Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011).  But to survive a motion to dismiss, even a *pro se* plaintiff must plead enough facts to state a claim for relief that is plausible on its face.  Johnson v. City of New York, 669 F. Supp. 2d 444, 448–49 (S.D.N.Y. 2009).

The City moves to dismiss the complaint on the ground that Oji has failed to state a claim because he does not allege that his rights were violated under a City policy or custom, as required by Monell v. Department of Social Services, 436 U.S. 658, 690–91 (1978).

3

Under Monell, a municipality can only be held liable under § 1983 if the City had a policy or custom that caused the deprivation of the plaintiff's rights. The plaintiff can show that a policy or custom caused the deprivation of his rights if the alleged misconduct: (1) occurred pursuant to a formal policy; (2) was caused by a policymaking official acting within the scope of his authority; (3) was caused by an unlawful practice that is so permanent and well settled that it constitutes a custom, such that policymaking officials have constructively acquiesced to the custom; or (4) occurred as a result of a policymaker's failure to train or supervise subordinates, amounting to deliberate indifference to plaintiff's rights.  See, e.g., Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 122–23 (2d Cir. 1991).

Here, Oji has not satisfied the Monell standard.  He has not pleaded that the officers' actions were pursuant to a New York City policy or custom.  He does not allege that a policymaking official acting in the scope of his authority was responsible for the harassment.  He does not allege that city policymakers failed to train the officers and that the lack of training caused his harassment.  Finally, Oji's recitation of five separate incidents may be an attempt to plead that his harassment was pursuant to a custom, but these incidents alone are not sufficient to show a custom of harassing him that is so permanent and widespread that it could fairly be said that policymakers acquiesced in the harassment.  See Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007).

In his complaint, Oji seems to allege that the City is liable solely because it employs the officers who harassed him. Assuming that the officers' actions rise to the level of deprivation of Oji's constitutional rights—and the court has doubts that the current allegations are sufficient—the City "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691. Thus, Oji has not sufficiently pleaded a claim against the City of New York.

## Conclusion

The motion to dismiss is granted. This opinion resolves the motion listed as document number 12 in case 12 Civ. 7342.

So ordered.

Dated:  New York, New York
        January 30, 2014

*/s/ Thomas P. Griesa*

Thomas P. Griesa
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/14

Mailed from Chambers to:

Charles Ojih Oji
47 Riverdale Avenue
Apt #A3-15
Yonkers, NY 10701